## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DISTRICT

| | |
|---|---|
| STUDS TERKEL, BARBARA FLYNN CURRIE, DIANE C. GERAGHTY, GARY S. GERSON, JAMES D. MONTGOMERY, and QUENTIN YOUNG, on behalf of themselves and all others similarly situated, and the AMERICAN CIVIL LIBERTIES UNION OF ILLINOIS, <br><br> Plaintiffs, <br><br> v. <br><br> AT&T INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**06CV2837**

**JUDGE ZAGEL**

**MAGISTRATE JUDGE BROWN**

# FILED

MAY 2 2 2006

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

## CLASS ACTION COMPLAINT

Plaintiffs, by their attorneys, allege as follows upon information and belief:

### I. INTRODUCTION

1.      This Illinois statewide class action lawsuit seeks declaratory and injunctive relief to remedy the systematic release by defendant AT&T Inc. to the National Security Agency ("NSA") of protected information about the domestic telephone calls of many millions of AT&T customers in Illinois, in violation of 18 U.S.C. § 2702(a)(3) of the Electronic Communications Privacy Act of 1986 ("the Act"). Plaintiffs bring this action pursuant to 18 U.S.C. § 2707(a) of the Act.

2.      Under the program challenged herein, AT&T provides to the NSA sensitive information about massive numbers of domestic telephone calls. Such information includes who is calling whom and for how long. AT&T does so in the absence of any warrant, court order, administrative subpoena, statutory authority,

1

certification pursuant to the Act, customer consent, or any other lawful basis for providing these confidential records to the NSA. (Hereinafter "the program.") The NSA reportedly uses this massive quantity of private information about domestic telephone calls to search for patterns of social interactions that might warrant further investigation.

3.     The named individual plaintiffs are six prominent residents of greater Chicago – including a journalist, a doctor, a cleric, two attorneys, and an elected official – all of whom are AT&T telephone subscribers who regularly use their phones for professional undertakings. The named organizational representative plaintiff has more than 21,000 members, many thousands of whom are also greater Chicago residents who subscribe to AT&T's telephone services. All of these metropolitan Chicago AT&T subscribers have a well-founded belief that AT&T has either unlawfully provided their telephone records to the NSA pursuant to the challenged program, or is reasonably and imminently likely to do so in the future. The basis for this well-founded belief includes but is not limited to the volume of records provided by AT&T to the NSA, the prominence of Chicago as a major metropolitan center, the substantial resources dedicated by federal intelligence gathering agencies to the greater Chicago area, and the NSA's reported intent to collect and analyze all domestic phone records.

4.     AT&T's program challenged herein interferes with the professional relationships the named individual plaintiffs maintain in using their telephones to make sensitive, lawful communications. These include communications between doctors (like plaintiff Quentin Young) and their patients, clerics (like plaintiff Gary S. Gerson) and their congregants, lawyers (like plaintiffs Diane C. Geraghty and James D. Montgomery) and their clients, reporters (like plaintiff Studs Terkel) and their sources, and elected

2

officials (like plaintiff Barbara Flynn Currie) and their constituents and political

associates. This interference applies to telephone calls both to and from plaintiffs.

## II. JURISDICTION AND VENUE

5.      This Court's jurisdiction is based on 28 U.S.C. § 1331.

6.      This district is the appropriate venue under 28 U.S.C. § 1391, as a

substantial part of the events that give rise to plaintiffs' claim occurred in Illinois.

## III. PARTIES

### A.      Plaintiffs

7.      Studs Terkel is an author, journalist, and radio broadcaster.

8.      Barbara Flynn Currie is an Illinois State Representative, and serves as the

Majority Leader of the Illinois House of Representatives.

9.      Diane C. Geraghty is a practicing lawyer, and a Professor at Loyola

University Chicago School of Law.

10.     Gary S. Gerson serves as the Rabbi at Temple B'nai Abraham Zion in Oak

Park, Illinois.

11.     James D. Montgomery is a practicing attorney, and a former Corporation

Counsel of the City of Chicago.

12.     Quentin Young is a practicing physician, the Chairman of the Health and

Medicine Policy Research Group, and a former President of the American Public Health

Association.

13.     Each of the foregoing six plaintiffs lives in greater Chicago, Illinois. Each

is an AT&T customer. Each uses the telephone in connection with their profession.

3

14.     The American Civil Liberties Union ("ACLU") of Illinois is a statewide, nonprofit, nonpartisan organization with more than 21,000 members dedicated to the principles of liberty and privacy embodied in the United States Constitution and statutes. Many thousands of the members of the ACLU of Illinois are AT&T customers. The ACLU of Illinois brings this action in a representative capacity on behalf of these many thousands of its members who are AT&T customers in greater Chicago. These ACLU members use their telephones for personal and professional communications.

B.     **Defendant**

15.     Defendant AT&T Inc. is a Delaware corporation with its principal place of business in San Antonio, Texas. It is the largest telecommunications company in the United States and one of the largest in the world. Directly and through its affiliates and subsidiaries (collectively "AT&T"), AT&T provides Internet Protocol-based communication services, broadband DSL, Wi-Fi services, wireless services, and local and long distance telecommunications services. AT&T serves tens of millions of United States customers, with concentrations in Arkansas, California, Connecticut, Illinois, Indiana, Kansas, Michigan, Missouri, Nevada, Ohio, Oklahoma, Texas, and Wisconsin. These states cover about one-third of the United States population.

## IV. CLASS ALLEGATIONS

16.     Plaintiffs Terkel, Currie, Geraghty, Gerson, Montgomery, and Young bring this action on their own behalves and on behalf of a statewide class of all individuals who presently and/or in the future both (a) reside in the State of Illinois, and (b) are customers of or subscribers to AT&T's remote computing or electronic services.

17.     The class satisfies all of the prerequisites stated in Rule 23(a):

4

(a)     The class is so numerous that joinder of all members is impracticable. As a result of AT&T's program challenged herein, the federal statutory rights of thousands of AT&T's customers have been violated.

(b)     Plaintiffs' claim presents common questions of fact and law. The common questions of law include whether AT&T violated 18 U.S.C. § 2702(a)(3).

(c)     The claims of the named plaintiffs are typical of the claims of the class. Each is an AT&T customer who has been or imminently will be subjected to AT&T's program challenged herein.

(d)     The named plaintiffs will fairly and adequately represent the interests of the class. They have no interests antagonistic to the class. They seek declaratory and injunctive relief on behalf of the entire class. They are represented by counsel who are competent and experienced in civil rights and class action litigation.

18.     The class satisfies Rule 23(b)(2) because the defendant has engaged in a course of conduct common to all members of the class, and final declaratory and injunctive relief in favor of the class is therefore appropriate.

## V. FACTUAL ALLEGATIONS

### A. AT&T's program

19.     AT&T provides remote computing and electronic communication services to the public in Illinois.

20.     The NSA is a federal governmental entity responsible for the collection and analysis of communications.

21.     In the aftermath of September 11, 2001, AT&T commenced its program of providing the NSA with the phone records and other information ("records") of its

Case: 1:06-cv-02837 Document #: 1 Filed: 05/22/06 Page 6 of 8 PageID #:6

customers and subscribers. These records include the phone numbers initiating calls, the phone numbers receiving calls, and the dates and times calls began and ended (and thus the duration of calls). AT&T continues to provide these records to the NSA.

22. AT&T voluntarily, knowingly, and intentionally provides the aforementioned telephone records to the NSA.

23. AT&T provides the aforementioned telephone records to the NSA in the absence of a court order, warrant, subpoena, statutory authorization, or certification pursuant to Chapter 121 of Title 18 of the United States Code.

24. AT&T did not disclose to its customers, including plaintiffs, that it was providing the aforementioned telephone records to the NSA. Thus, AT&T's customers, including plaintiffs, had no opportunity to, and did not, consent to the disclosure of their records.

25. The records provided by AT&T to the NSA pursuant to the program challenged herein were not divulged (a) pursuant to a law enforcement investigation concerning telemarketing fraud; (b) as a necessary incident to the rendition of services to customers; (c) to protect the rights or property of AT&T; (d) based on a reasonable and/or good faith belief that an emergency involving danger of death or serious physical injury required disclosure of telephone records without delay; (e) to the National Center for Missing and Exploited Children; or (f) to a non-governmental person or entity.

**B.    Necessity of equitable relief**

26. The named plaintiffs and the members of the plaintiff class will continue in the future to use their telephones.

6

27.     Unless this Court enjoins AT&T's program challenged herein, AT&T will continue to engage in the program.

28.     The named plaintiffs and the members of the plaintiff class will suffer irreparable harm as a result of the continuation of AT&T's program, and they have no adequate remedy at law.

## VI.  CLAIM FOR RELIEF:
### Violation of 18 U.S.C. § 2702(a)(3)

29.     Plaintiffs incorporate all of the allegations contained in paragraphs 1 through 28 above as if set forth fully herein.

30.     AT&T violated 18 U.S.C. § 2702(a)(3) by knowingly and intentionally divulging to the NSA records pertaining to the subscribers or customers of AT&T's remote computing and electronic services.

31.     AT&T's challenged program of systematically disclosing protected domestic telephone records to the NSA does not fall within any of the statutory exceptions or immunities set forth in 18 U.S.C. §§ 2702(c), 2703(c), or 2703(e).

32.     Plaintiffs and their class are aggrieved by AT&T's knowing and intentional past disclosure and/or imminent future disclosure of their records to the NSA. Accordingly, plaintiffs may challenge this violation of 18 U.S.C. § 2702(a)(3) pursuant to the cause of action created by 18 U.S.C. § 2707(a).

## VII.  PRAYER FOR RELIEF

Wherefore, pursuant to 18 U.S.C. § 2707(b), plaintiffs ask that this Court:

A.     Grant plaintiffs and the plaintiff class a preliminary injunction pending the determination of the merits of plaintiffs' claims, and thereafter a permanent injunction that enjoins AT&T from providing records pertaining to them to the NSA or any other

governmental agency except as authorized in Chapter 121 of Title 18 of the United States

Code;

      B.      Declare that AT&T's program of providing its customers' and

subscribers' records as alleged herein violates 18 U.S.C. § 2702(a)(3);

      C.      Award plaintiffs their attorneys' fees and costs of this action; and

      D.      Grant such other and additional relief as the court deems just.

DATED: May 22, 2006

Respectfully submitted:

Counsel for the plaintiffs

HARVEY GROSSMAN
ADAM SCHWARTZ
WENDY PARK
Roger Baldwin Foundation of ACLU, Inc.
180 North Michigan Avenue, Suite 2300
Chicago, Illinois 60601
(312) 201-9740

WILLIAM H. HOOKS
Hooks Law Offices PC
29 South La Salle Street, Suite 333
Chicago, Illinois 60603
(312) 553-5252

MARC O. BEEM
DANIEL M. FEENEY
ZACHARY J. FREEMAN
Miller Shakman & Beem LLP
180 North LaSalle Street, Suite 3600
Chicago, Illinois 60601
(312) 263-3700

Of counsel:
STEVEN R. SHAPIRO
ANN BEESON
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, New York 10004