UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| STUDS TERKEL, BARBARA FLYNN CURRIE, DIANE C. GERAGHTY GARY S. GERSON, JAMES D. MONTGOMERY, and QUENTIN YOUNG, on behalf of themselves and all others similarly situated, and the AMERICAN CIVIL LIBERTIES UNION OF ILLINOIS,<br><br>            Plaintiffs,<br><br>   v.<br><br>AT&T, Inc.,<br><br>            Defendant. | Case No. 06 C 2837<br>Judge Kennelly<br>Magistrate Judge Valdez |

**STATEMENT OF INTEREST OF THE UNITED STATES
IN SUPPORT OF AT&T'S MOTION FOR A STAY PENDING
DECISION BY THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

**INTRODUCTION**

Pursuant to 28 U.S.C. § 517,[1] the United States of America, through its undersigned counsel, hereby submits this Statement of Interest to support the motion of defendant AT&T, Inc. ("AT&T") to stay this case pending a final decision by the Judicial Panel on Multidistrict Litigation ("JPML") on the motion to transfer this case and approximately nineteen other similar cases (together, the "MDL Actions") to a single district court for pretrial proceedings. This case,

---

[1] Section 517 provides that the "Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States." 28 U.S.C. § 517. A submission by the United States pursuant to this provision does not constitute intervention under Rule 24 of the Federal Rules of Civil Procedure.

like the other MDL Actions, contains allegations about certain telecommunications carriers' purported assistance in classified government activities. Assuming that the MDL Actions are transferred to and consolidated in a single district court, the United States intends to assert the military and state secrets privilege (hereinafter, "state secrets privilege") in those actions and to seek their dismissal. The United States therefore respectfully submits that this case (like the other MDL Actions) should be stayed until the JPML's final decision. Counsel for the United States will attend the June 8, 2006 scheduling conference should the Court wish to address the United States' position.

## BACKGROUND

Plaintiffs, subscribers of various communications services of AT&T, bring this purported class action alleging that AT&T participated in a Government program pursuant to which AT&T provided certain telephone records to the National Security Agency ("NSA") in violation of 18 U.S.C. § 2702(a)(3). Class Action Complaint ("Complaint") ¶ 1. Plaintiffs seek a preliminary and permanent injunction that enjoins AT&T's alleged actions of providing records pertaining to plaintiffs to the NSA or other governmental agency, except as provided by law. *Id*. at 7-8 (Prayer for Relief). Plaintiffs' claims thus seek to put at issue alleged foreign intelligence surveillance activities undertaken by the United States Government.

On May 24, 2006, Verizon Communications Inc., Verizon Global Networks Inc., and Verizon Northwest Inc. ("Verizon") submitted to the JPML a motion for transfer and coordination pursuant to 28 U.S.C. § 1407. That motion requests that the JPML (1) transfer 20 virtually identical purported class actions (pending before 14 different federal district courts) to a single district court; and (2) coordinate those actions for pretrial proceedings pursuant to 28

U.S.C. § 1407. This case is included as one of the 20 pending actions in Verizon's motion. The Clerk of the JPML filed Verizon's motion on May 24, 2006, and set a deadline of June 19, 2006, for responses to the motion for transfer. It is anticipated that a hearing on the motion for transfer will be scheduled for the next scheduled sitting of the JPML in July 2006.

## DISCUSSION

As a general matter, it is well-established that every court has an "inherent" power to exercise its discretion to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants," including by staying proceedings. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Stone v. INS*, 514 U.S. 386, 411 (1995) ("we have long recognized that courts have inherent power to stay proceedings and 'to control the disposition of the causes on its docket . . . .'") (quoting *Landis*, 299 U.S. at 254). Courts routinely grant a stay of proceedings pending a decision by the JPML of whether to transfer the case under 28 U.S.C. § 1407. *See, e.g., Cline v. Merck & Co., Inc.*, No. S-06-487, 2006 WL 1409555, at *1-2 (E.D. Cal. May 19, 2006); *Stempien v. Lilly*, 3:06cv01811, 2006 WL 1214836, at *1-2 (N.D. Cal. May 4, 2006); *Gorea v. The Gillette Co.*, No. 2:05cv02425, 2005 WL 2373440, at *1 (W.D. Tenn. Sept. 26, 2005); *Hertz Corp. v. The Gator Corp.*, 250 F. Supp. 2d 421, 423 (D. N.J. 2003); *Tench v. Jackson Nat. Life Ins. Co.*, No. 99 C 5182, 1999 WL 1044923, at *1-2 (N.D. Ill. Nov. 12, 1999). In deciding whether to stay proceedings, courts consider (1) whether judicial economy favors a stay; (2) potential prejudice to the non-moving party; and (3) hardship and inequity to the moving party if the action is not stayed. *See Board of Trustees of Teachers' Retirement System of State of Illinois v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

The United States agrees with AT&T that this case, like all of the MDL Actions, should be stayed pending the decision of the JPML. All factors point strongly in favor of granting the stay.

Most significantly, judicial economy clearly favors a stay of this litigation pending a decision by the JPML. *See Rivers*, 980 F. Supp. at 1360 (if the JPML grants the motion for transfer, the court "will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge"). Assuming that this case and the other MDL Actions are transferred to and consolidated in a single district court, the United States intends to assert the state secrets privilege and to seek the dismissal of those actions. The state secrets privilege permits the United States to protect against the unauthorized disclosure in litigation of information that may harm national security interests. *See United States v. Reynolds*, 345 U.S. 1, 7-8 (1953); *Kasza v. Browner*, 133 F.3d 1159, 1166 (9th Cir. 1998). If upheld, a state secrets privilege assertion both excludes certain information from a case, and as a result often requires dismissal. *See Kasza*, 133 F.3d at 1166 ("'[I]f the very subject matter of the action' is a state secret, then the court should dismiss the plaintiff's action based solely on the invocation of the state secrets privilege.") (quoting *Reynolds*, 345 U.S. at 11 n.26). The United States believes that principle to be applicable to this case and the other MDL Actions; thus, in addition to asserting the state secrets privilege, upon transfer the United States also intends to seek dismissal of all of the MDL Actions. Efficiency dictates that one court – rather than multiple courts proceedings on similar tracks – should decide the appropriateness and effect of the United States' assertion of the state secrets privilege in all the MDL Actions.

As AT&T explains in its motion, the other factors – *i.e.,* the potential prejudice to the moving and non-moving parties – also support a stay of litigation pending a decision by the JPML. First, AT&T and the United States would be unfairly burdened and prejudiced if a stay is not granted. Without a stay, AT&T and the United States would have to engage in pretrial proceedings, including defending plaintiffs' motion for preliminary injunction, in which plaintiffs claim that they will adduce at a hearing evidence that AT&T has acted and continues to act in violation of 18 U.S.C. § 2702(a)(3) by providing customer and subscriber records to the NSA. *See* Plaintiffs' Motion for Preliminary Injunction, ¶ 4. Plaintiffs seek a hearing as soon as June 26, 2006, *id*. ¶ 13, and further seek expedited discovery from AT&T prior to that hearing. *See* Plaintiffs' Motion for Leave to Take Expedited Discovery. And plaintiffs have moved for class certification. *See* Plaintiffs' Motion for Class Certification. All of these motions should be stayed pending a resolution of the United States' intended assertion of the state secrets privilege and dismissal in the MDL Actions. *See*, *e.g.*, *Tenet v. Doe*, 544 U.S. 1, 6 n. 4 (2005) (court should first consider threshold issues raised by the applicability of a rule barring adjudication relating to secret espionage agreements). Without such a stay, AT&T and the United States would be forced to litigate the issues involved in these motions in multiple forums, despite the pending motion for transfer with the JPML.

As AT&T's motion further demonstrates, plaintiffs will not be unduly prejudiced by a stay. This case was just filed on May 22, 2006, only days before the MDL petition was submitted to the JPML. Responses to the MDL petition are due by June 19, 2006, and a hearing on the petition is anticipated to be scheduled in July 2006. If the MDL petition is granted, plaintiffs will have an opportunity to present their motions to the assigned MDL court.

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court grant AT&T's Motion for a Stay Pending Decision by the Judicial Panel on Multi-District Litigation.

    Respectfully submitted,

    PETER D. KEISLER
    Assistant Attorney General

    PATRICK FITZGERALD
    United States Attorney

    CARL J. NICHOLS
    Deputy Assistant Attorney General

    THOMAS P. WALSH
    Civil Chief

    JOSEPH H. HUNT
    Director, Federal Programs Branch

    *s/ Anthony J. Coppolino*
    ANTHONY J. COPPOLINO
    Special Litigation Counsel
    tony.coppolino@usdoj.gov

    *s/ Renée S. Orleans*
    RENÉE S. ORLEANS
    renee.orleans@usdoj.gov

    *s/ Andrew H. Tannenbaum*
    ANDREW H. TANNENBAUM
    Trial Attorneys
    andrew.tannenbaum@usdoj.gov
    U.S. Department of Justice
    Civil Division, Federal Programs Branch
    20 Massachusetts Avenue, NW
    Washington, DC 20001
    Phone: (202) 514-4782/(202) 514-4263
    Fax: (202) 616-8460/(202) 616-8202
    Attorneys for the United States of America

DATED: June 6, 2006

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **STATEMENT OF INTEREST OF THE UNITED STATES IN SUPPORT OF AT&T'S MOTION FOR A STAY PENDING DECISION BY THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION** will be served by means of the Court's CM/ECF system, which will send notification of such filing to the following:

William H. Hooks
Hooks Law Offices OC
29 South LaSalle Street, Suite 333
Chicago, Illinois 60603

Harvey Grossman
Adam Schwartz
Wendy Park
Roger Baldwin Foundation of ACLU, Inc.
180 North Michigan Ave., Suite 2300
Chicago, Illinois 60601

Marc O. Beem
Daniel M. Feeney
Zachary J. Freeman
Miller Shakman & Beem LLP
180 North LaSalle Street, Suite 3600
Chicago, Illinois 60601

David W. Carpenter
Craig A. Knot
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603

                                                  *s/ Thomas P. Walsh*