UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STUDS TERKEL, BARBARA FLYNN CURRIE, DIANE C. GERAGHTY, GARY S. GERSON JAMES D. MONTGOMERY, and QUENTIN YOUNG, on behalf of themselves and all others similarly situated, and the AMERICAN CIVIL LIBERTIES UNION OF ILLINOIS, <br><br> Plaintiffs, <br><br> v. <br><br> AT&T INC., AT&T CORP., and ILLINOIS BELL TELEPHONE CO. d/b/a AT&T ILLINOIS, <br><br> Defendants. | Case No. 06 C 2837 <br><br> Hon. Matthew F. Kennelly |

## MOTION TO INTERVENE BY THE UNITED STATES OF AMERICA

1.      Plaintiffs, subscribers of various communications services of AT&T Corporation, bring this purported class action against AT&T Corporation, AT&T Incorporated, and Illinois Bell Telephone Co. (together, "AT&T") alleging that AT&T provided certain records to the government in violation of 18 U.S.C. § 2702.

2.      The United States seeks to intervene in this action, pursuant to Federal Rule of Civil Procedure 24(a), for the purpose of seeking dismissal of this action. Rule 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a).

3.      To satisfy the requirements of Rule 24(a), a potential intervenor must:

"(1) make a timely application, (2) have an interest relating to the subject matter of the action, (3) be at risk that that interest will be impaired by the action's disposition and (4) demonstrate a lack of adequate representation of the interest by the existing parties." *Vollmer v. Publishers Clearing House*, 248 F.3d 698, 705 (7th Cir. 2001) (citing *Nissei Sangyo America, Ltd. v. United States*, 31 F.3d 435, 438 (7th Cir. 1994)).

4. There should be no question that the Government's motion to intervene is timely within the meaning of Rule 24. "In determining whether a motion to intervene is timely, [the Seventh Circuit] consider four factors: "'(1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; [and] (4) any other unusual circumstances.'" *Heartwood, Inc. v. U.S. Forest Service, Inc.*, 316 F.3d 694, 701 (7th Cir. 2003) (quoting *Sokaogon Chippewa Community v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000)). This case is only in its initial stages. Plaintiffs filed their Amended Complaint and a Motion for Preliminary Injunction on June 5, 2006. *See* Docket Entry 14. On June 6, 2006, the United States filed a Statement of Interest in support of a stay of this matter pending a ruling on multidistrict litigation proceedings, and participated in an oral argument on that motion on June 8, 2006. The Court also entered an order on June 28, 2006, contemplating that the United States would intervene by June 30, 2006. There can be no dispute that this motion is timely.

5. The United States also clearly has an interest relating to the subject matter of this action. This case involves a challenge to AT&T's alleged role in providing records to the government in furtherance of an alleged government intelligence program. The United States is, concurrent with this motion, asserting the state secrets privilege and statutory privileges in this matter, and is hereby moving to intervene for the purpose of moving to dismiss or, in the

alternative, for summary judgment.[1] Because the lawsuit challenges alleged intelligence activities of the United States and because the United States asserts the state secrets privilege and statutory privileges over information at issue concurrently with this motion, the Government's interest satisfies the requirements of Rule 24(a).

6. For these very reasons—that the lawsuit challenges alleged activities of telecommunications companies and the United States and that the United States is asserting the state secrets privilege and statutory privileges—the United States is simultaneously seeking dismissal or, in the alternative, summary judgment. It is appropriate to permit the United States to intervene to seek such dismissal. *See Zuckerbraun v. General Dynamics Corp.*, 935 F.2d 544, 546-48 (2nd Cir. 1991) (United States intervened and successfully sought dismissal of the action based on the assertion of the state secrets privilege); *Fitzgerald v. Penthouse Int'l, Ltd.*, 77 F.2d 1236, 1239 (4th Cir. 1985) (court allowed intervention where United States has a national interest in proceedings); *see also Kasza v. Browner*, 133 F.3d 1159, 1166 (9th Cir. 1998) ("'if the very subject matter of the action' is a state secret, then the court should dismiss the plaintiff's action based solely on the invocation of the state secrets privilege") (quoting *Reynolds*, 345 U.S. at 11 n. 26).

7. The United States' interest is not adequately represented by the parties to the litigation. In determining whether a potential intervenor's interests will be adequately represented by an existing party, it is appropriate to consider: "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether

---

[1] The state secrets privilege permits the Government to protect against the unauthorized disclosure in litigation of information that may harm national security interests. *See United States v. Reynolds*, 345 U.S. 1, 7-8 (1953). Specific statutory privileges also permit the Government to protect against disclosure of intelligence-related activities or information.

the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001). Here, while Defendants share the United States' interest in dismissal of this action, none of the parties has either the obligation or the ability to assert the state secrets privilege or specified statutory privileges in this litigation. The privilege belongs to the United States alone and cannot be asserted by private citizens. *See Reynolds*, 345 U.S. at 7-8 (state secrets privilege must be asserted by head of department which has control over issue). Indeed, the parties are not aware of the breadth of the information covered by the privilege, and because information covered by the privilege is classified, they would, in any event, be unable to present the issues to the Court effectively and properly. Moreover, the parties' and the United States' interests are not wholly coextensive. The parties' interest may well be in the disclosure of state secrets to the extent that doing so might assist them in presenting their claims or defenses fully to vindicate their own private interests. Thus, only the United States is in a position to protect against the disclosure of information over which it asserts the state secrets privilege, and only the United States is able to explain to the Court why continued litigation of the matter threatens the national security.

        8.        The Court already has indicated its intention to permit the United States to intervene in this matter. *See* Transcript of June 9, 2006 Hearing before Judge Kennelly, at 6-7 (statement of the Court that "there isn't much question that the government is entitled to intervene in this case" and indicating its willingness to grant leave to intervene).

## **CONCLUSION**

Accordingly, the United States respectfully requests that the Court grant its motion to intervene pursuant to Fed. R. Civ. P. 24(a).

DATED: June 30, 2006                                    Respectfully submitted,

                                            PETER D. KEISLER
Assistant Attorney General

PATRICK FITZGERALD
United States Attorney

CARL J. NICHOLS
Deputy Assistant Attorney General

THOMAS P. WALSH
Assistant United States Attorney

JOSEPH H. HUNT
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Special Litigation Counsel

  *s/ Andrew H. Tannenbaum*
ANDREW H. TANNENBAUM
Trial Attorney
andrew.tannenbaum@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-4263
Fax: (202) 616-8202
Attorneys for the United States of America

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing MOTION TO INTERVENE BY THE UNITED STATES OF AMERICA will be served by means of the Court's CM/ECF system, which will send notification of such filing to the following:

Harvey Grossman
Adam Schwartz
Wendy Park
Roger Baldwin Foundation of ACLU, Inc.
180 North Michigan Avenue, Ste 2300
Chicago, Illinois 60601

F. Thomas Hecht
James Carlson
Ungaretti & Harris LLP
3500 Three First National Plaza
Chicago, IL 60602

Craig Knot
David Carpenter
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603

Marc O. Beem
Daniel M. Feeney
Zachary J. Freeman
Miller Shakman & Beem LLP
180 North LaSalle Street, Ste 3600
Chicago, Illinois 60601

Michael Philippi
Scholz, Loos, Palmer & Siebers
625 Vermont St.
Quincy, IL 62301

　　　　　　　　　　　　　　　　　　　　　_/s Thomas P. Walsh_